OWEN’, Judge
(dissenting).
This case presents a unique point of law which, on undisputed facts, I feel the trial court decided incorrectly.
The appellant developed a condominium but retained the recreational facilities which it leased to the plaintiff-appellee condominium association for a term of ninety-nine years. The recreational facilities under the lease consisted of a pool, recreation building and patio area. Some four years after the lease was entered into, a municipal ordinance was enacted which required the swimming pool to be enclosed by a safety barrier or a fence as a requisite to continued use. When the lessor refused to pay the cost thereof, the association had the fence installed at its expense and brought this suit for declaratory judgment and other relief. The only relief which the court granted to plaintiff was to award judgment for the reasonable cost of the fence.
The sole question is who, as between landlord and tenant, must bear the expense of alterations, improvements or repairs ordered by public authorities? This subject is annotated in 22 A.L.R.3d 521 and one may refer to that source for a collection of the reported causes dealing with this question.
The lease was entirely silent on the issue. However, when the other provisions of the ¡case are examined, it is abundantly clear that the parties intended for the rental to be “net” to the lessor. The lease required the lessee to bear the burden of maintenance and repair, to pay the cost of taxes and insurance, and to indemnify the lessor against any and all claims, debts, charges, costs, demands or obligations which might be made against lessor by reason of or in connection with the lease. When this factor is considered, in conjunction with the additional factors (1) that this was a ninety-nine year lease of which ninety-four years still remained, (2) that the required alterations to the demised premises were non-structural in nature, and (3) that only the lessee would ever receive any benefit therefrom, it seems totally logical that as a matter of law the expense thereof should fall upon the lessee.
I would reverse that portion of the judgment which required the lessor to pay for the cost of the fencing around the pool.